UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEWIS D. CHRISTOPHERSON,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | Case No. 3:13-cv-00114-MMD-VPC<br><br>ORDER ADOPTING AND ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Before the Court is Magistrate Judge Valerie P. Cooke's Report and Recommendation ("R&R") (dkt. no. 32) regarding Plaintiff Lewis D. Christopherson's Motion for Remand and/or Reversal ("Motion") (dkt. no. 17) and Defendant Carolyn W. Colvin's Opposition and Cross-Motion to Affirm (dkt. nos. 28, 29). Plaintiff replied to the Opposition and Cross-Motion (dkt. no. 30). Magistrate Judge Cooke issued the R&R on March 24, 2014, concluding that substantial evidence supports the Administrative Law Judge's ("ALJ") findings. (Dkt. no. 32 at 18-19.) Plaintiff timely filed an objection (dkt. no. 33) to which Defendant responded (dkt. no. 34).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's objection, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's R&R.

The R&R finds that the ALJ's decision to uphold the denial of Plaintiff's disability claims was supported by substantial evidence in the record. The R&R provides a thorough and detailed explanation of the ALJ's decision that can be used to address each of Plaintiff's objections, which reiterate the arguments he raised in the Motion.

First, Plaintiff argues that the ALJ failed to properly assess his residual functional capacity ("RFC") because the ALJ gave improper weight to the opinions of a consultative examiner and a state agency reviewing physician. (Dkt. no. 33 at 3.) Plaintiff contends that the consultative examiner failed to review his entire medical record in carrying out his independent examination. (*Id.* at 4.) Plaintiff further argues that both the consultative examiner and the reviewing physician should have considered medical findings that were made after their examinations. (*Id.* at 4-5). Plaintiff, however, does not cite to any authority that requires examining physicians to review subsequent medical evidence. Rather, it is the SSA that must determine an applicant's RFC by assessing the whole record, including all evidence and medical reports. 20 C.F.R. § 404.1545(a); *see Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). The R&R discusses that in determining the RFC, the ALJ considered the entire record in addition to the subsequent medical findings of Plaintiff's treating physicians. (Dkt. no. 32 at 8, 10-12.) The R&R concludes that the ALJ did not err in considering findings from the consultative examiner and the state agency physician as part of the RFC determination. (*Id.* at 13.) The Court agrees with the Magistrate Judge's conclusion that substantial evidence supports the RFC determination.

Second, Plaintiff contends that the ALJ improperly evaluated the credibility of his subjective complaints. (Dkt. no. 33 at 6-8.) The R&R notes that the ALJ found inconsistencies between Plaintiff's subjective complaints regarding the severity of his symptoms, Plaintiff's testimony about his daily activities, and the medical evidence. (Dkt. no. 32 at 16-18.) The Court agrees with the Magistrate Judge's conclusion that these inconsistencies adequately support the ALJ's credibility determination. (*See id.* at 18.)

///

The R&R recommends that the Court deny Plaintiff's Motion for Remand and/or Reversal (dkt. no. 17) and grant Defendant's Cross-Motion to Affirm (dkt. no. 29). Upon review of the R&R and the record in this case, the Court determines that it is appropriate to adopt the R&R in full.

It is hereby ordered that the R&R (dkt. no. 32) is accepted and adopted. Plaintiff's Motion to Remand and/or Reverse (dkt. no. 17) is denied and Defendant's Cross-Motion to Affirm (dkt. no. 29) is granted. The Clerk is directed to enter final judgment in favor of Defendant Carolyn W. Colvin, Commissioner of Social Security, pursuant to this Order.

DATED THIS 4th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE